IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHOISIMENE MORILUS, et al, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO. 07-0900 |
| | : | |
| COUNTRYWIDE HOME LOANS, | : | |
| INC. et al, | : | |
| Defendants. | : | |

MEMORANDUM AND ORDER

**Stengel, J.**                                                                                          **August 22, 2007**

On June 20, 2007, the court granted defendant Residential Appraisal Services, Inc.'s motion to dismiss all but one count of plaintiff's complaint but granted plaintiffs leave to amend three counts within twenty days to avoid dismissal. On July 9, 2007, plaintiffs filed a motion to reconsider and defendant responded in opposition on July 26, 2007. We granted plaintiffs' request to file a reply memorandum, which they filed on August 20, 2007. I will deny plaintiffs' motion to reconsider for the reasons discussed below.

**I.     BACKGROUND**

This lawsuit centers on allegations of fraud in the procurement of a residential mortgage. Defendant Residential Appraisal was the appraiser of the property that was subject to the mortgage. Plaintiffs allege that all defendants "conspired to unfairly and deceptively induce plaintiffs to execute loan documents…[that were] premised upon a

-1-

falsely inflated appraisal price" provided by Residential in order to qualify plaintiffs for a loan with monthly payments they could not afford.  Compl. ¶ 17.

## II.  STANDARD FOR A MOTION FOR RECONSIDERATION

A motion for reconsideration has two primary purposes: "to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) cert. denied, 476 U.S. 1171 (1986).  The motion should be granted "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . ..; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  See also Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) ("Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly").  The motion should not be granted if the moving party is merely asking the court to "rethink" what it has already rightly or wrongly decided.  Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)

## III.  DISCUSSION

The court dismissed the Truth in Lending Act ("TILA"), Home Ownership and Real Estate Protection Act Claim ("HOEPA"), Equal Credit Opportunity Act ("ECOA"),

Pennsylvania Fair Credit Extension Act ("FCEUA"), Pennsylvania Credit Services Act ("CSA") claims as a matter of law because Residential Services is an appraiser and these acts only apply to creditors. Plaintiffs, in the opposition brief to the motion to dismiss and again in their motion to reconsider, argue that Residential Services is liable under a conspiracy theory. In granting the motion to dismiss, the court refused to hold Residential Services liable under this theory because plaintiffs made no allegations that Residential Services was present during the execution of the mortgage or received a pecuniary benefit from the loan.[1]

Plaintiffs argue that the court misapplied Rule 12(b)(6) by not accepting all factual allegations as true. Plaintiffs have made no allegations that illustrate Residential Services' liability as a co-conspirator and proffer no evidence as to how they will amend their complaint to overcome this deficiency. Therefore, I will uphold the court's initial order because Residential Services is not liable under these statutes since it is not a creditor and plaintiffs continue to offer no factual support as to Residential Services' liability as a co-conspirator. I will also deny plaintiff's request to add a new count for conspiracy because the court has already considered and dismissed plaintiffs' conspiracy allegations as a matter of law.

The court dismissed plaintiffs' breach of contract claim since plaintiff and

---

[1] In its opposition to plaintiffs' motion to reconsider, Residential Services asserts that it was paid by Sunset Mortgage to appraise the property. It had no pecuniary interest in the mortgage because its fee was generated by performing the appraisal. Plaintiffs offer no information to rebut this common sense assertion.

Residential Services did not have a contract. The court further dismissed the claim for punitive damages since plaintiffs made no allegations that Residential Services deliberately acted to create a high degree of risk of harm to plaintiff. I will also uphold this aspect of the order.

The court granted plaintiff leave to amend its Real Estate Settlement Procedures Act ("RESPA"), Pennsylvania Unfair Trade Practices and Consumer Protection Law Claim ("UTPCPL"), and fraud claims. I will still plaintiff to amend these counts within twenty (20) days of the order.

## IV.   CONCLUSION

I will uphold all aspects of my ruling on defendant's motion to dismiss. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHOISIMENE MORILUS, et al, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO. 07-0900 |
| | : | |
| COUNTRYWIDE HOME LOANS, INC. et al, | : | |
| Defendants. | : | |

### ORDER

**AND NOW**, this 22nd day of August, 2007, upon consideration of plaintiff's Motion for Reconsideration (Document No. 31) and the responses thereto, it is hereby **ORDERED** that the motion is **DENIED**. Counts II, III, V, VII, X, XI are dismissed as to defendant Residential Appraisal Services, Inc. with prejudice. Plaintiffs are granted leave to amend counts IV, VI, VIII of their complaint within twenty (20) days of this order.

BY THE COURT:


/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.